R.R. ROGGENSACK, Corporation Counsel Grant County
You ask whether the Community Developmental Disabilities Services Board (herein "Board") established under section 51.437, Stats., is "an appropriate agency" within the meaning of section 48.34 (6), Stats., so that the court can require such Board to provide care for a child who has been adjudged in need of protection or services under section 48.345, Stats. You have also raised funding implications relating to your request which will also be addressed herein.
If a child alleged to be in need of protection or services is before the court and it appears that the child is developmentally disabled, the court, as defined in chapter 51, may proceed to order placement of the child under either chapter 51 or 55. Sec.48.135 (1), Stats. Admissions, placements or commitments of any child made in or to an inpatient facility, as defined in section51.01 (10), are governed by chapter 51 or 55. Sec. 48.135 (2), Stats. *Page 31 
In providing for disposition where a child is in need of protection or services, the judge may not make a placement unless the child has specifically been "found under chapters 46, 49, 51, 115 and 880 to be developmentally disabled, mentally ill or to have exceptional educational needs in facilities which exclusively treat those categories of children." Sec. 48.345 (5), Stats. Under section 48.355 (1) the judge must decide on a placement and treatment finding based on the evidence submitted, and the court order must contain the identity of the agency which is to be primarily responsible for the provision of the services mandated under subsection (2)(b) 1.
It should be noted in passing that the county department of social services has the authority to accept legal custody of children transferred to it by the court under section 48.355 "and to provide special treatment and care if ordered by the court." Sec. 48.57 (1)(b), Stats. It is my opinion that so providing special treatment and care is limited to those cases in which legal custody is transferred. This seemingly follows from the fact that subsection (1)(c) authorizes the county department of social services to provide appropriate protection and services for all children "in its care."
A question arises whether the 51.437 Board (or the 51.42 Board when designated to provide the same services under section 51.437
(7)(b)) constitutes an "agency" within the meaning of sections 48.34 (6) and 48.355 (2)(a)1. It is my opinion that it does.
The word "agency" generally is defined to include public boards. See secs. 13.62 (2), 35.93, 55.01 (1), 227.01 (1), 230.03
(3) and 880.01 (1), Stats. One exception arises under section48.40, dealing with termination of parental rights, where "agency" refers only to the Department of Health and Social Services, a county department of social services or a licensed child welfare agency. In order to achieve the separate or combined goals of chapters 48 and 51, I see no reason for so limiting the scope of the term "agency" as it pertains to your questions.
Authorization for all care of any patient in a state, local or private facility is to be provided under a contractual agreement between the Board and the facility unless the Board governs the facility. It must be remembered that the need for inpatient care shall be determined by the clinical director of the program prior to the admission of a patient to the facility except in the case of emergency services. Secs. *Page 32 51.42 (9)(a) and 51.437 (12)(a), Stats. Therefore, the juvenile court has no authority to order inpatient care at any particular facility but instead is limited to ordering that certain services be provided through the proper board.
As for funding, a Board established under chapter 51 and the county department of social services usually are funded separately to perform their respective statutory duties. Section51.42 (5) requires the Board to perform the duties set forth therein subject to the provisions of that section, the rules promulgated thereunder, and "within the limits of state and county appropriations and maximum available funding from other sources." Boards established under section 51.437 are funded pursuant to section 51.42 (8). Plans and budgets must be submitted and approved under section 46.031. Sec. 51.437 (11), Stats.
It is clear, therefore, that both the 51.42 and 51.437 Boards operate within certain funding limitations. On the other hand, the county boards of supervisors have the primary responsibility for the well-being, treatment and care of those developmentally disabled citizens residing within their respective counties. Secs. 51.42 (1)(b) and 51.437 (4), Stats. Thus, where the Legislature has imposed on the counties an absolute duty to carry out a program, the counties bear the responsibility for funding those programs and providing services, whether through one of these community boards or in some other way. It is well established that the Legislature may properly impose duties involving financial obligations upon counties without providing any appropriation whatsoever on the theory that the county is a political subdivision or agency of the state. Columbia County v.Wisconsin Retirement Fund, 17 Wis.2d 310, 116 N.W.2d 142 (1962).
You suggest that cases might arise in which the major component of the service required is custodial with the financial responsibility being assumed by the county department of social services. If the required service is primarily for treatment, you assert that the appropriate community board should be liable. Finally, you contend that if the service is part custodial and part treatment, the institution is required to identify the cost of each, and the court should require the respective agencies to pay for their share of the expense. *Page 33 
There are elements of both custodial care and treatment present in most placements embodied by your opinion request. It is my opinion that the primary purpose for the placement is controlling. For example, if a minor is found to be in need of any care or treatment available to him through one of the community boards, that board should be financially responsible.
Your concept of cost sharing for partially custodial and partially treatment service might be useful in isolated instances although I know of no case in which it has been applied. Hopefully the respective county agencies would agree to share the expense under these unusual circumstances without the necessity for testing your theory before a court. I again feel, however, that the primary purpose for the placement should be controlling in determining financial responsibility in every or nearly every case.
BCL:DPJ